

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BOLIVAR URIARTE and )
BEATRIZ URIARTE, )
)
Plaintiffs, )
) No. 13 CV 2923
v. )
) Hon. Charles R. Norgle
DAVID KOCH and KOCH & ASSOCIATES, )
PERSONAL CORPORATION, )
)
Defendants. )

**ORDER**

Defendants David Koch and Koch & Associates, P.C.'s Motion to Dismiss [13] is granted in part and denied in part. Counts III, IV, and V of Plaintiffs' Complaint are dismissed without prejudice. Plaintiffs are granted leave to file an amended complaint on or before February 21, 2014. Defendants David Koch and Koch & Associates, P.C.'s Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 [17] is denied.

**STATEMENT**

Plaintiffs Bolivar Uriarte and Beatriz Uriarte (collectively, "Plaintiffs") sue their former foreclosure-defense attorney, Defendant David Koch, and his law firm, Defendant Koch & Associates, P.C. (collectively, "Defendants") for alleged violations of the Federal Fair Housing Act ("FHA"), 42 U.S.C. § 3601, et seq., civil rights violations pursuant to 42 U.S.C. § 1981 and 42 U.S.C. § 1982, and various Illinois state law claims, including attorney malpractice, breach of contract, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 Ill. Comp. Stat. 505/1, et seq. Generally, Plaintiffs allege that Defendants targeted them for substandard foreclosure defense services based on their race and/or national origin and that Defendants' "discriminatory actions . . . caused [them] to lose title to their residential home." Compl. ¶¶ 40-48. Before the Court is Defendants' motion to dismiss all claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Also before the Court is Defendants' motion for sanctions pursuant to Rule 11. For the following reasons, the motion to dismiss is granted in part and denied in part, and the motion for sanctions is denied.

"Subject matter jurisdiction is a threshold question, the first question in every case, because without jurisdiction the court cannot proceed at all." In re ALT Hotel, Inc., 479 B.R. 781, 805 (Bankr. N.D. Ill. 2012) (internal quotation marks and citations omitted); see also Craig v. Ontario Corp., 543 F.3d 872, 874 (7th Cir. 2008) ("Naturally, the first question [the Court] must confront is that of jurisdiction."). In deciding a Rule 12(b)(1) motion to dismiss, the Court accepts as true all well-pleaded facts alleged in Plaintiffs' complaint and draws all reasonable inferences in their favor. St. John's United Church of Christ v. City of Chi., 502 F.3d 616, 626

(7th Cir. 2007) (citation omitted); <u>see also</u> <u>Miller v. Fed. Deposit Ins. Corp.</u>, 738 F.3d 836, 840 (7th Cir. 2013). Where, as here, "subject-matter jurisdiction is disputed, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists."[1] <u>Miller</u>, 738 F.3d at 840 (internal quotation marks and citation omitted). The burden of proof is on Plaintiffs, the parties asserting jurisdiction. <u>United Phosphorus, Ltd. v. Angus Chem. Co.</u>, 322 F.3d 942, 946 (7th Cir. 2003) (en banc), <u>overruled on other grounds by</u> <u>Minn-Chem, Inc. v. Agrium, Inc.</u>, 683 F.3d 845 (7th Cir. 2012) (en banc).

With respect to Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." <u>Id.</u> at 556. The Court accepts "all well-pleaded allegations of the complaint as true and view[s] them in the light most favorable to the plaintiff." <u>Indep. Trust Corp. v. Stewart Info. Servs. Corp.</u>, 665 F.3d 930, 935 (7th Cir. 2012) (internal quotation marks and citation omitted).

As an initial matter, the Court notes that Plaintiffs' complaint fails to state the jurisdictional basis for their state law claims. Pursuant to Rule 8, "[a] pleading that states a claim for relief must contain a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a). Plaintiffs allege jurisdiction for their federal claims pursuant to 28 U.S.C. § 1331, but they provide no further jurisdictional basis for their remaining claims. Accordingly, Plaintiffs' state law claims for attorney malpractice (Count III), breach of contract (Count IV), and violation of the ICFA (Count V) are dismissed without prejudice pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. Plaintiffs are granted leave to file an amended complaint to cure this deficiency on or before February 21, 2014.

Next, Defendants argue that Plaintiffs lack standing to sue under the FHA and, therefore, their claims should be dismissed for lack of subject matter jurisdiction. "'[T]he sole requirement for standing to sue under [the Fair Housing Act] is the Art. III minima of injury in fact: that the plaintiff allege that as a result of the defendant's actions he has suffered a distinct and palpable injury.'" <u>Kyles v. J.K. Guardian Sec. Servs., Inc.</u>, 222 F.3d 289, 296 (7th Cir. 2000) (quoting <u>Havens Realty Corp. v. Coleman</u>, 455 U.S. 363, 372 (1982) (internal quotation marks and citations omitted)). Congress created the legal rights enumerated in the FHA, "the denial of which would, in and of itself, give rise to the type of injury necessary to establish standing in conformance with Article III." <u>Id.</u>

Defendants challenge whether Plaintiffs' allegations amount to a violation of any provision of the FHA. Specifically, Defendants argue that, as attorneys representing Plaintiffs in the underlying foreclosure action, they were not involved in the sale or rental of any dwelling as covered by the FHA. Rather, according to Defendants, they were merely involved in Plaintiffs' legal defense against the bank's foreclosure action. "It is true that when Congress makes clear that a statute is not intended to confer rights on a particular class of persons, a suit under the statute by a member of that class does not engage the jurisdiction of the federal courts." <u>Fry v. UAL Corp.</u>, 84 F.3d 936, 939 (7th Cir. 1996). "But where the reach of the statute is not so clear

---

[1] To the extent that the parties have attached additional exhibits in support of, and in opposition to the instant motion to dismiss, which are unrelated to Plaintiffs' burden to establish subject matter jurisdiction, the documents are excluded as the Court declines to convert the instant motion into one for summary judgment. <u>See</u> Fed. R. Civ. P. 12(d).

. . . 'the question whether a particular class is protected by it becomes just another issue concerning the merits of the suit . . . .'" Kyles, 222 F.3d at 300 (quoting Fry, 84 F.3d at 939). While it is clear in many cases which situations are covered by the FHA, the full scope of the statute's protections is less certain. See Havens Realty Corp., 455 U.S. at 377-378 (1982) (standing for testers who are given untruthful information regarding the availability of housing on the basis of race); Swanson v. Citibank, N.A., 614 F.3d 400, 405 (7th Cir. 2010) (standing for racially discriminatory practices in mortgage lending and appraisals); Metro. Hous. Dev. Corp. v. Vill. of Arlington Heights, 558 F.2d 1283, 1285 (7th Cir. 1977) (standing for racially discriminatory zoning practices). In at least one case, a district court found that a plaintiff had standing to sue a law firm for alleged violations of the FHA based on an attorney's actions on behalf of the bank in an underlying foreclosure action. See Frederick v. Select Portfolio Serv. Inc., No. 07 CV 7044, 2009 U.S. Dist. LEXIS 7440, at *13 (N.D. Ill. Jan. 30, 2009).

Here, Plaintiffs have asserted an injury-in-fact—namely, the loss of their home—which is all that Article III requires for standing. "Whether they can establish a prima facie case of [FHA] discrimination is a question that implicates the merits of their claim rather than their standing to make it." Kyles, 222 F.3d at 300 (citing Whitlock v. Johnson, 153 F.3d 380, 385 (7th Cir. 1998)). Accordingly, Defendants' motion to dismiss Plaintiffs' FHA claims pursuant to Rule 12(b)(1) is denied. To the extent that Defendants challenge the merits of Plaintiffs' FHA claims under Rule 12(b)(6), the Court finds that such arguments are improper on a motion to dismiss, and are more appropriately brought later in a motion for summary judgment, if any. See Gibson v. Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990) ("The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." (internal quotation marks and citation omitted)); see also Frederick, 2011 U.S. Dist. LEXIS 40751, at *7 (N.D. Ill. Apr. 14, 2011) (granting summary judgment to the defendant-law firm on the plaintiff's FHA claim wherein the plaintiff alleged that the defendant-law firm, who represented the bank in the underlying foreclosure action, purposefully misinformed the plaintiff about the date of the sheriff's sale of her home in order to prevent her from selling it to an investor).

As to the alleged civil rights violations pursuant to 42 U.S.C. §§ 1981 and 1982, Defendants argue that Plaintiffs fail to state claims upon which relief can be granted because they fail to plead an intent to discriminate and because Defendants never deprived them of their right to hold property. In their complaint, however, Plaintiffs allege that "Defendants' actions denied Mr. and Mrs. Uriarte of their rights to hold real property based solely on their Ecuadorian race"[2] and that "Defendants illegally offered Mr. and Mrs. Uriarte a contract that was different in its performance, making, and conditions from contracts offered to white citizens." Compl. ¶ 52. The Court finds that Plaintiffs sufficiently allege plausible violations of §§ 1981 and 1982. As discussed above, Defendants' arguments with respect to the merits, as well as their attempt to proffer additional documents, are improper for consideration on a motion to dismiss. Defendants' motion to dismiss Plaintiffs' §§ 1981 and 1982 claims, therefore, is denied.

Lastly, Defendants seek Rule 11 sanctions against Plaintiffs, arguing that Plaintiffs' claims are frivolous and unsupported by law or facts. See Fed. R. Civ. P. 11(b).

> Rule 11 requires an attorney or party to sign every paper presented to the district
> court. That signature 'constitutes a certificate by the signer that the signer has
> read the pleading, motion, or other paper; that to the best of the signer's

---

[2] The Court notes that Plaintiffs appear to use the words "Hispanic" and "Ecuadorian" interchangeably. However, the terms "race" and "national origin," although sometimes related, are not synonyms. See Abdullahi v. Prada USA Corp., 520 F.3d 710, 712 (7th Cir. 2008).

3

knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose. . . .'

Thompson v. Duke, 940 F.2d 192, 195 (7th Cir. 1991) (quoting Fed. R. Civ. P. 11). The focus of Rule 11 "is ex ante (what should have been done before filing) rather than ex post (how things turned out)." Mars Steel Corp. v. Cont'l Bank N.A., 880 F.2d 928, 932 (7th Cir. 1989). "Sanctuary as a result of reasonable investigation ensures that counsel may take novel, innovative positions—that Rule 11 does not jeopardize aggressive advocacy or legal evolution." Id. Here, Plaintiffs admit that their claims are a matter of first impression, but that they are nevertheless the result of factual and legal research. The Court finds that Plaintiffs' pleadings do not rise to the level of Rule 11 sanctions. To the extent that Plaintiffs seek sanctions against Defendants as well, their motion is likewise denied.

For the foregoing reasons, Defendants' motion to dismiss is granted as to the state law claims contained in Counts III, IV, and V, and denied as to the remaining federal claims. Additionally, Defendants' motion for sanctions is denied.

IT IS SO ORDERED

ENTER:

CHARLES RONALD NORGLE, Judge
United States District Court

DATE: February 5, 2014

4